In the Matter of the Estate of WILLIAM ASCHER, Also Known as WILLY ASCHER, Deceased.

Surrogate's Court, Richmond County, March 10, 1941.

*Paul D. Seigel,* for Bertha Ascher, as executrix and trustee, petitioner.

*Joseph Streble, Jr.,* special guardian.

BOYLAN, S. The court has been asked to determine and construe the effect of the disposition of the property contained in paragraph " fourth " of the will of decedent and further for direction

and advice as to the investments in the stocks mentioned in the said paragraph. The will is dated June 19, 1940, and was admitted to probate on July 9, 1940. The fourth paragraph reads as follows: " I hereby direct that my Executrix and Trustee herein make the following investments: $1,000.00 in common stock of the General Electric Company; $1,000.00 in common stock of the Westinghouse Electric Company; $1,000.00 in common stock of the United States Steel Corp.; $1,000.00 in common stock of the General Motors Corp. and $2,000.00 in common stock of the American Telephone & Telegraph Company. The balance of the trust fund may be invested by my Executrix and Trustee in legal securities only."

Although the decedent directed the investments in " nonlegals " to the extent of $6,000, his estate after the payment of debts, funeral expenses, administration expenses, etc., amounts to but $4,694.22. Prior to 1936 a creator of a trust requiring the investment of money could direct how the investment should be made and what securities should be taken. (See *Matter of Irwin*, 59 Misc. 143.) In 1936 section 125 of the Decedent Estate Law took effect, the pertinent part of which reads as follows:

" § 125. Limitations on powers and immunities of executors and testamentary trustees. The attempted grant to an executor or testamentary trustee or the successor of either, of any of the following enumerated powers or immunities shall be deemed contrary to public policy:

" 1. The exoneration of such fiduciary from liability for failure to exercise reasonable care, diligence and prudence.

" 2. * * *

" 3. * * *."

This section was intended to protect testators and the objects of their bounty from the untoward effects of ingeniously contrived clauses, the full legal consequences of which are seldom appreciated at the time of the execution of the wills containing them. The scope of the section was intended to apply to the wills of persons dying after the effective date of the section. Subject to this single limitation, no clause in any will which purports to effect a partial or total exoneration of liability of a testamentary fiduciary is effective, but every such fiduciary is held to the standard of conduct, duty and responsibility imposed by statute or judicial decision for the protection of all the beneficiaries of the estate. The court, therefore, construes the direction in the fourth paragraph of decedent's will as a permissive rather than a mandatory direction. If such directions were mandatory a testator could exonerate a fiduciary from " reasonable care, diligence and prudence." The trustee is permitted to invest in any or all of the

non-legal securities mentioned in this paragraph if such conduct would not be in contravention of " reasonable care, diligence and prudence."

In view of the fact that the amount of the estate is less than the amount permitted to be invested in non-legal securities, it is deemed that the testator intended that the amount to be invested in each security be reduced proportionately so that the amount permitted to be invested in each security is approximately forty-seven-sixtieths of amount set forth in the fourth paragraph.

The court will not advise the trustee in which stocks to invest. The trustee must decide for herself whether it is diligent and prudent to invest in these common stocks in times of international war and financial uncertainties such as are prevalent today. If she decides to invest in some of these stocks, the balance not invested in these non-legals must be invested pursuant to section 111 of the Decedent Estate Law.

Proceed accordingly.