In the Matter of the Estate of D. Leo Gimbel, Deceased.

Surrogate's Court, New York County, April 25, 1941.

*Myers, Goldsmith & Behr* and *Barr & Barr*, for the petitioner.

*Cutler & Cutler*, for the respondent.

FOLEY, S.   Objections have been filed to the issuance of letters testamentary to the executrix named in the will upon the ground that she is a non-resident of the State of New York.   The latter fact is undisputed.   The executrix resides in Pennsylvania.   The objectant is a legatee and perhaps may possess the status of an annuitant under the terms of a codicil, which contain a direction to pay her the sum of $100 per month until her marriage or death. The gross estate is estimated by counsel for the executrix to be valued at the sum of $75,000.

Under the practice of this court and pursuant to sections 94 and 97 of the Surrogate's Court Act, letters are usually granted to an executor or executrix even though he or she may be a non-resident of this State, but upon condition that a bond be filed by the fiduciary in an amount which is fixed by the surrogate.   In the fixation of the amount of the bond consideration is given to the circumstances of the estate in order to afford adequate security to the creditors or persons interested in the estate.   Consideration is also given to these circumstances in order to avoid the exaction of an excessive bond with burdensome premiums and a consequent waste of the estate funds.

Here, the testator selected his sister as executrix.   The will and codicils are simple in form.   They contain a specific bequest of the testator's jewelry to a cousin and provision is made, as above stated, for the objectant legatee, who is described as a friend. The entire balance of the estate is given to his sister, the executrix.

The will expressly relieved the executrix of giving a bond. Notwithstanding that dispensation, however, the surrogate may, under the provisions of section 97 of the Surrogate's Court Act, require the filing of a bond. The contention of counsel for the objectant that sections 135 and 169 of the Surrogate's Court Act require a bond in the full amount of the estate is without foundation in law and is overruled. These sections have no application to the situation here because of the clause of dispensation written into the will.

The purposes and scope of the discretion vested in the surrogate by the terms of section 97 of the Surrogate's Court Act, in so far as they affect a non-resident executor, are clear. (1) Where the executor is a non-resident at the time of his application for appointment, a bond may be required of him in such amount as the surrogate may deem to be reasonable. (2) Where the executor was a resident of the State at the time of the issuance of letters but subsequently becomes a non-resident, the surrogate may, in his discretion, require the giving of a bond in an amount to be fixed by the surrogate. (3) Where limited and restricted letters testamentary are issued, the surrogate in his discretion may dispense wholly with the giving of a bond or may fix the penalty at such sum as he deems sufficient.

In the pending proceeding, pursuant to the final paragraph of section 97, limited and restricted letters testamentary will be issued to the executrix. The surrogate in the exercise of his discretion fixes the amount of the bond to be given at the sum of $25,000 which, in his opinion, will adequately safeguard the rights and interest of the objectant. The executrix will be restricted from removing the assets of the estate from the county of New York. They must remain within our jurisdiction subject to the orders and decrees of this court until the decree in the final accounting of the executrix.

The executrix is granted authority to pay the reasonable funeral and administration expenses, estate taxes and income taxes and the valid debts of the decedent. She may also deliver the specifically bequeathed jewelry to the named legatee. The payment of the monthly installments to the objectant legatee may likewise be made. The distribution of any share of the estate to the executrix in her individual capacity as residuary legatee is restrained until the further order or decree of the surrogate made after proper service by order to show cause or citation upon the objectant legatee.

The securities and cash will be directed to be deposited in a bank or trust company to be named in the supplemental decree herein.

At the time of the final accounting of the executrix, the questions of the deposit of securities under section 106 of the Surrogate's Court Act and the giving of a reduced bond or the advisability of an alternative direction for the giving of a smaller or larger bond than is now fixed, may be raised and will be determined by the surrogate.

Submit supplemental decree on notice accordingly.