OPINION OF THE COURT
Lee L. Holzman, J.
The petitioner in .this probate proceeding is the attorney who drafted the will in which he is the nominated executor *122 and trustee. Although the court is satisfied that the will is entitled to be admitted to probate (SCPA 1408 [2]), unfortunately, 4 of the paragraphs in this 8-paragraph will present problems. Petitioner, who indicates that he was decedent’s friend, apparently realizes that his area of expertise lies outside of the field of trusts and estates and he has retained other counsel to represent him in the administration of the estate.
Paragraph eighth of the will presents an ethical question which a segment of the Bar appears to have ignored. This provision purports to relieve the executor from liability "for any loss or injury to the property * * * except * * * as may result from fraud, misconduct or gross negligence”. This clause, which attempts to exonerate petitioner from liability for his failure to use reasonable care, diligence and prudence, is contrary to public policy and void (EPTL 11-1.7). Clearly, counsel has an obligation to advise his client that such an exoneration clause is a toothless tiger if the beneficiaries of the estate are aware of the provisions of EPTL 11-1.7. If a client who has been so advised nevertheless prevails upon counsel to include the exoneration clause, either to lull the nominated fiduciary into a false sense of security so that he will undertake the fiduciary responsibilities or to deceive the beneficiaries into believing that they do not have a remedy against a negligent fiduciary, is counsel guilty in violation of DR 7-102 of the Code of Professional Responsibility of having become a coconspirator in an act declared to be against public policy? Where the attorney-draftsman is also the nominated fiduciary and, contrary to public policy, he inserts such an exoneration clause to deceive the beneficiaries of the estate, he is displaying a contempt for the law which is antithetical to the honor that the profession requires.
However, the court has no reason to believe that the petitioner was aware of the provisions of EPTL 11-1.7. Moreover, EPTL 11-1.7 (b) explicitly provides that the ineffective exoneration clause does not in any way invalidate otherwise valid provisions of the will. Therefore, although paragraph eighth is rendered void as against public policy, it does not otherwise render the will invalid.
Paragraph seventh of the will raises a construction issue which must be determined prior to the issuance of letters of trusteeship. Petitioner is nominated as the executor and trustee in the first sentence of the paragraph. An alternate or successor executor and trustee is nominated in the second *123 sentence which also provides that the alternate or successor is "to serve without the posting of any bond or compensation whatsoever”. The problem presented flows from the statutory framework which treats executors and testamentary trustees differently with regard to whether a bond is required to be filed. An executor is not required to file a bond unless the will specifically provides that he must (SCPA 710 [1]), while a testamentary trustee must file a bond unless the will specifically exempts him from this requirement (SCPA 806).
Here the will specifically exempts the alternate or successor trustee from filing a bond but it is, at best, ambiguous relative to petitioner. The court might be inclined to resolve this ambiguity in favor of saving the estate from the cost of a bond in a case where the ambiguity flowed from an obvious oversight, the beneficiaries are competent and join in this request and the trustee is an expert in the administration of trusts. However, none of these factors are present in this case. Decedent’s son is incapable of protecting his own interests and petitioner has essentially conceded that he has undertaken this task out of friendship rather than because he has experience as a fiduciary. Moreover, the will provides that the nominated alternate or successor trustee should serve without compensation while it imposes no such limitation upon petitioner. This could be construed as an indication that the testator intended to make a distinction between petitioner and his successor trustee with regard to whether or not they are required to file a bond. Accordingly, letters of trusteeship shall not issue to petitioner until he files a bond in the sum of $50,000 (SCPA 806).