OPINION OF THE COURT
Lee L. Holzman, J.
Petitioner, the nominated trustee of the trust created in the residuary clause of decedent’s will, requests that an order be *546 entered modifying the probate decree by deleting the direction therein that he file a surety bond in the sum of $227,000. The initial question to be answered is whether the court has discretion under the provisions of SCPA 801 (1) (c) and 806 to dispense with the requirement that a testamentary trustee file a bond notwithstanding the absence of a direction in the will exempting the trustee from this requirement. Of course, if the court has this discretion, it must be determined whether this is an appropriate case in which to exercise it.
With the exception of a contingency not pertinent to this application, decedent’s son is to receive one third of the net income from the residuary trust until he attains the age of 58, at which time he shall receive all of the principal and accrued interest. The principal shall be paid to the son’s issue in the event that he dies prior to attaining the age of 58. Petitioner is nominated as the executor in one paragraph and as the trustee in the following paragraph. The first of these paragraphs also nominates an alternate executrix and specifically directs that neither the executor nor the alternate shall be required to file any bond. The next paragraph fails to name an alternate trustee and is silent on the subject of whether the trustee must file a bond.
Petitioner alleges that he is the chief financial officer of a corporation, that his children considered decedent "as a grandfather rather than a friend” and that decedent "would have dispensed with the requirement of a bond had he known the cost” because he had "the utmost faith” in petitioner’s "abilities to administer the trust”. Inasmuch as petitioner also alleges that the annual cost of the bond is "in excess of $700.” and that the cost over the potential lifetime of the trust would be "over $10,000.”, it appears that the son will be 58 in approximately 14 years. In any event, the son has filed an affidavit in support of the application. He states that he has two infant children, that he is going through an acrimonious divorce, and that he has serious financial problems. He concludes that the cost of the bond "is wholly unnecessary and a waste of money”.
Unfortunately, if decedent desired to exempt petitioner from filing a bond as both executor and trustee, more words were used than were needed in the paragraph appointing the executor and too few words were used in the paragraph appointing the trustee. The words exempting the executor from filing a bond were unnecessary because SCPA 710 (1) provides that an executor need not file a bond unless the will *547 provides otherwise, while SCPA 806 provides that a "testamentary trustee * * * shall unless the will provides otherwise, execute and file a bond” (see, Matter of Lubin, 143 Misc 2d 121).
The word "shall” when used in the third person connotes compulsion rather than discretion. However, the provisions of SCPA 806 must be read in conjunction with the provisions of SCPA 801 (1) (c). SCPA 801 (1), which fixes the amount of the bond to be required by the different types of fiduciaries, appears to provide an exception "where the court has reduced it or dispensed therewith”. Moreover, while paragraph (a) directs that the bond filed by executors and administrators be in an amount equal to the value of all personal property receivable by the fiduciary, paragraph (c) affords more discretion to the court with regard to testamentary trustees in that it provides that the bond filed by testamentary trustees be "[i]n such amount as the court directs.” Lastly, the provisions of SCPA 805 (1), which permit the bonding requirement of an administrator to be dispensed with or fixed at a reduced amount upon the consents of "persons interested in the estate”, would appear, by analogy, to confer the same authority upon the court with regard to testamentary trusts upon the consents of beneficiaries whose interests have vested.
Although it could be argued that SCPA 801 (1) only permits the court to dispense with the bond or to reduce the amount of the bond when specifically authorized to do so by another provision of law (see, SCPA 805), this argument runs contrary to the principle that different statutes should, where possible, be read in a manner which is harmonious and carries out the over-all legislative intent. It does not make sense to conclude that the Legislature wanted to give the court more discretion in fixing the amount of the bond of a testamentary trustee as opposed to an administrator, as evidenced by the express provisions of SCPA 801 (1), while at the same time giving the court authority to dispense with a bond for an administrator under SCPA 805 and withholding that authority from the court with regard to a testamentary trustee. Instead, the provisions of SCPA 806 as read in conjunction with the provision of SCPA 801 (1) (c) should be interpreted as requiring a testamentary trustee to file a bond where the will does not exempt the trustee from this requirement unless clear and convincing reasons are presented to dispense with the bond or to fix it at a reduced amount. Such clear and convincing reasons are presented to dispense with the bond or to fix it at *548 a reduced amount. Such clear and convincing reasons might be the consents provided for by SCPA 805 or a showing that the filing of a bond is not economically feasible.
Turning to this application, the court has no reason to doubt that decedent trusted petitioner. He would not have nominated him as executor or trustee if this were not the case. However, the court cannot speculate as to decedent’s intent with regard to the filing of a bond if he had known the cost of the bond. Except for exceptional circumstances (see, EPTL 3-2.2), a will is required to contain written directions as to a decedent’s intent and to be executed with certain formalities (see, EPTL 3-2.1) to avoid speculation with regard to the last wishes of a decedent.
It would not be appropriate to dispense with the bond or to fix it at a reduced amount based upon the consent of decedent’s son because, if he should fail to live until the trust is terminated, there would be no bond to protect the interests of his issue, who are either too young to give their consents or not yet in existence. Although the alleged cost of the bond cannot be classified as negligible, neither can it be classified as defeating the purpose of the trust. Insofar as the son’s one-third income interest in the trust, based upon a 5% rate of return, the cost of the bond will reduce the income he receives from the trust by $11.66 for the first year with the income being further reduced each year by the same increment. Moreover, the $700 cost of the bond only equals approximately .003 of $227,000, the value of the principal.
The court is constrained to conclude that this is not one of those rare cases where the court should exempt the trustee from the requirement of filing a bond notwithstanding that the decedent had failed to do so by the simple device of adding a few words to that effect in the will. Accordingly, this decision constitutes the order of the court denying the application to modify the probate decree.