■ KARMEL ELGHANAYAN et al., Respondents, v AMIR VICTORY et al., Appellants, et al., Defendant. [596 NYS2d 35] — Orders, Supreme Court New York County (Carmen Beauchamp Ciparick, J.), entered on or about February 28, 1992, which denied defendants-appellants' motions to dismiss the complaint pursuant to CPLR 3211 (a) (1), (2), (3), (5), (7) and (10) and 3016 (b), unanimously affirmed, with costs.

The Statute of Limitations with respect to the cause of action sounding in constructive fraud and seeking an accounting by reason of defendants' alleged conversion and breach of fiduciary duty has not expired as it did not begin to run on the date of the alleged wrongdoing, but rather on the date of discovery (Walsh v Walsh, 91 AD2d 1198). Plaintiffs alleged that their cousins, defendants herein, used a previously opened bank account to transfer monies belonging to plaintiffs' father from Iran prior to his execution during the revolution in 1979, informed them that only $200,000 had been transferred although their father was reputed to be worth in excess of $250 million, and that they only discovered in 1990, as a result of a lawsuit among defendants, that possibly

millions of dollars had been brought to this Country. Similarly, the Statute of Limitations alleging conversion by a fiduciary only began to run when plaintiffs discovered facts upon which to demand the return of property allegedly converted *(Bernstein v La Rue,* 120 AD2d 476, 477, *lv dismissed* 70 NY2d 746). For the same reasons, the third cause of action for fraud, which was adequately alleged in the complaint (CPLR 3016 [b]), was also timely. We also find that New York is a convenient forum for this action. Finally, as plaintiffs had been issued Letters of Administration, they have standing to maintain this suit. Concur—Murphy, P. J., Milonas, Wallach and Kassal, JJ.