[887 NYS2d 529]

# In the Matter of the Estate of MILDRED NUSSBAUM, Deceased.

Surrogate's Court, Bronx County, October 22, 2009

### APPEARANCES OF COUNSEL

*Coyle & Associates, LLP* (*Lorraine Coyle* of counsel), for Carol Evans, nominated executrix. *Gildin, Zelenitz & Shapiro, P.C.* (*Lisa A. D'Agostino* of counsel), for Joan H. Ferrin, movant.

### OPINION OF THE COURT

LEE L. HOLZMAN, J.

In this probate proceeding, although a beneficiary of 50% of the residuary estate does not object to the admission of the will to probate or to the appointment of the nominated executrix as the executrix under the will, she requests by order to show cause that letters testamentary not issue to the nominated executrix unless this court imposes a bond requirement for the value of the assets. In support of the application, the movant asserts that she has "first hand knowledge" that the proponent "has had much difficulty even handling her own personal and financial affairs to the extent that judgments have been issued against her on behalf of several creditors." This allegation is not supported by further specificity or proof.

In opposition, the proponent filed an affidavit which raised an issue as to whether the order to show cause was properly served upon her; however, on the return date of the order to show cause, counsel for the proponent stated on the record in open court that this aspect of the opposition was withdrawn and the application should be decided on its merits. In her affidavit, the proponent unequivocally asserts, inter alia, that there are no judgments against her.

The law envisions that an estate is not to be saddled with the expense of obtaining a bond for an executor unless required by the will (see SCPA 710 [1]; see also Matter of Scheer, 153 Misc 2d 545 [1992]). Here, even though the will does not require a bond, it appears from the probate petition that the nominated executrix is domiciled in New Jersey. In such a situation, SCPA 710 (1) does not govern and, instead, SCPA 710 (2) applies, which provides:

> "A person named as executor or a testamentary guardian or trustee who is not required by the will to give a bond, shall be entitled to letters by giving a bond as prescribed by law, although an objection has been established to the satisfaction of the court that the person is a non-domiciliary."

One clear goal of SCPA 710 (2) is to protect the interest of an interested party where the fiduciary is not domiciled in the State of New York, to obviate potential difficulties in obtaining and satisfying a judgment against a person lacking any presence in this state. Similarly, SCPA 710 (4) expressly prohibits the removal of estate property from this state without prior approval of the court and the filing of a bond "if required by the court."

The current version of SCPA 710 (2), effective January 1, 1994 (L 1993, ch 514, § 16), could be interpreted as mandatory,

and not discretionary in nature, insofar as it requires the non-domiciliary nominated fiduciary to post a bond as a quid pro quo to receiving letters. Although research fails to disclose cases interpreting the present version of SCPA 710 (2), a comparison of the present statute to predecessor versions of the statute reveals a gradual evolutionary process toward either removing or reducing the discretion of a surrogate in connection with the bond requirement where the nominated executor is a nondomiciliary at the time of the application for letters (*see People ex rel. Patrick v Fitzgerald*, 73 App Div 339 [1902]; *Matter of Cuba*, NYLJ, Mar. 18, 1991, at 30, col 3; *Matter of Gimbel*, 176 Misc 781 [1941]; *Matter of Carr*, 66 Misc 111 [1910] [all cases addressing predecessor versions of the statute]).

In contrast to the language of SCPA 710 (2) is the language of SCPA 710 (3) which clearly provides that the court has discretion with respect to whether a bond will be required. Specifically, where a domiciliary fiduciary becomes a nondomiciliary after the issuance of letters, SCPA 710 (3) states that a surrogate "may" require the fiduciary to give a bond in an amount to be fixed by the court, but only "upon objection filed and proof taken." Thus, in the SCPA 710 (3) situation, the fiduciary is likely to have a provable "track record" in dealing with estate assets which can be considered by a court; however, in the SCPA 710 (2) situation, the nominated fiduciary will not have such a record for consideration by the court.

Thus, the court concludes that assuming, arguendo, that the discretion granted to the court to dispense with the filing of a bond under other statutory provisions (*see* SCPA 710 [3], [4]; 801 [1]; *Matter of Scheer*, 153 Misc 2d 545 [1992]) may be extended to a nondomiciliary nominated executor notwithstanding the request for a bond by an interested party, the clear thrust of SCPA 710 (2) is that, in the absence of the nondomiciliary presenting the most compelling reasons why a bond should not be required, the court should require that a nondomiciliary executor file a bond upon demand by any interested party.

Here, the underlying application reveals that, at the time of the application for preliminary letters, the nominated executrix was domiciled in New Jersey and remains domiciled in that state to date. Under the facts and circumstances presented, and in light of the language of SCPA 710 (2), it is appropriate to require a bond to protect the objectant's interests, rather than hold a hearing on the validity of her disputed concerns. Accord-

ingly, the motion is granted to the extent that the executrix shall post a bond, solely for the benefit of the objectant, in the amount of $135,000, representing one half of the value of the estate, the extent of the objectant's interest therein.

Finally, a review of the file reflects that jurisdiction has not been obtained over Edith Obernauer, the decedent's sister, who is a distributee and a necessary party in the probate proceeding. Thus, until jurisdiction is obtained over Edith Obernauer, a decree may not be settled admitting the will to probate and awarding letters testamentary to the proponent.

This decision constitutes the order of the court granting the motion to the extent indicated, provided that jurisdiction is obtained over all necessary parties in the probate proceeding and no objections to probate are interposed by Edith Obernauer.