| Matter of Sandler |
|---|
| 2025 NY Slip Op 33348(U) |
| September 15, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2019-2734/I |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

ENTERED

SEP 15 2025

DATA ENTRY DEPT
New York County Surrogate's Court

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------x

Proceeding to Recover Assets Withheld in the Estate of

LYDIA SANDLER,

Deceased.

-------------------------------------------------------------------------x

DECISION and ORDER

File No.: 2019-2734/I

M E L L A, S.:

The court considered the following submissions in determining the instant motion and cross-motion for summary judgment (CPLR 2219[a]).

| Papers Considered | Numbered |
|---|---|
| **On Petitioner Lynne Boyarsky's Motion for Summary Judgment** | |
| Petitioner Lynne Boyarsky's Notice of Motion for Summary Judgment; Affidavit of Lynne Boyarsky in Support of Motion, with Exhibits | 1-2 |
| Affidavit of Respondent Rochelle Klein in Opposition to Motion for Summary Judgment; Affirmation of Anthony G. Piscionere in Opposition to Motion for Summary Judgment, with Exhibits | 3-4 |
| Respondent's Memorandum of Law in Opposition to Petitioner's Motion for Summary Judgment | 5 |
| Supplemental Affidavit of Rochelle Klein in Opposition to Motion for Summary Judgment, with Exhibits | 6 |
| Petitioner's Verified Reply to Opposition to Motion for Summary Judgment | 7 |
| Petitioner's Verified Further Submission in Support of Motion for Summary Judgment | 8 |
| Supplemental Affirmation of Philip T. Simpson in Opposition to Motion for Summary Judgment, with Exhibits | 9 |
| Respondent's Supplemental Memorandum of Law in Opposition to Petitioner's Motion for Summary Judgment | 10 |
| Petitioner's Verified Reply to Further Submissions in Opposition to Motion for Summary Judgment, with Exhibits | 11 |

[* 1]

**On Respondent Rochelle Klein's Converted Cross-Motion for Summary Judgment[1]**

Respondent Rochelle Klein's Notice of Cross-Motion to Dismiss
Petition; Affirmation of Anthony G. Piscionere in Support of
Cross-Motion to Dismiss Petition, with Exhibits ......... 12-13

Petitioner's Verified Opposition to Respondent's Cross-Motion
to Dismiss Petition ......... 14

Respondent's Supplemental Memorandum of Law in Support
of Cross-Motion for Summary Judgment ......... 15

Petitioner's Verified Supplemental Opposition to Cross-Motion for
Summary Judgment ......... 16

Respondent's Reply Memorandum of Law in Further Support of
Cross-Motion for Summary Judgment ......... 17

In this turnover proceeding in the estate of Lydia Sandler (SCPA 2103), Preliminary Executor Lynne Boyarsky (Petitioner) seeks "approximately" $172,000 from her sister, Rochelle Klein (Klein), who allegedly misappropriated the funds while acting as decedent's attorney-in-fact. At the call of the calendar on May 30, 2025, the court denied the parties' cross-motions for summary judgment (CPLR 3212) for the reasons stated below.

Background

Lydia Sandler (Decedent) died on May 19, 2019, at the age of 93, survived by three nieces, Petitioner, Klein, and Karen Boyarsky, who are sisters. As the motion papers make clear, Petitioner and Klein had a history of conflict predating their aunt's death, which now permeates the administration of Decedent's estate. In addition to this proceeding, the two are embroiled in litigation over 1) the validity of Decedent's April 5, 2016 will under which Klein is the

---

[1] The parties made additional submissions in support of and in opposition to Rochelle Klein's cross-motion that were not provided for in the court's June 12, 2024 Order Setting Deadlines. Accordingly, the court did not consider them.

nominated executor and primary beneficiary, and 2) the ownership of a cooperative apartment, which Petitioner claims is an asset of an inter vivos trust Decedent established in March 2015 for the benefit of Petitioner, who is also the trustee.[2]

Petitioner commenced the instant turnover proceeding in February 2024. Six weeks after issue had been joined and before any discovery had been taken, Petitioner filed the instant motion for summary judgment (CPLR 3212). Klein opposed the motion, claiming, among other things, that the motion was premature because there had been no discovery. She also cross-moved to dismiss the petition on statute of limitations grounds pursuant to CPLR 3211(5). On the August 7, 2024 return date of the motions, the court determined that Petitioner's motion was premature (CPLR 3212[f]) and that Klein's cross-motion to dismiss was untimely under CPLR 3211(e) and should be converted into a summary judgment motion on notice to the parties (CPLR 3211[c]). Accordingly, both motions were adjourned to the court's January 24, 2025 calendar to allow the parties to complete discovery and file supplemental motion papers with respect to both motions (*see Matter of Sandler*, NYLJ, August 28, 2024, at 7, col 3 [Sur Ct, NY County]).

Thereafter, the court granted the application of Klein's counsel to withdraw and then adjourned both motions again, this time to May 30, 2025, to permit Klein to obtain new counsel and the parties to complete discovery and file supplemental motion papers. Prior to the return

---

[2] Petitioner is Preliminary Executor notwithstanding that Klein is the nominated fiduciary under the propounded instrument because Petitioner first offered an earlier instrument for probate under which she is the nominated executor. Upon a removal application by Klein, the court, in its discretion under SCPA 1412, determined that Petitioner should remain Preliminary Executor pending the outcome of the probate proceeding, and Klein should receive Limited Letters of Administration to represent the estate in matters related to the ownership of the apartment (*see Matter of Sandler*, NYLJ, Nov. 22, 2022, at 5, col 2 [Sur Ct, NY County]).

[* 3]

date, however, Petitioner moved to supplement her petition to add a fraud claim based on purported new information. The court, in its discretion, denied the motion on several grounds, including that Petitioner had failed to allege the elements of a fraud claim (*see Matter of Sandler*, Sur Ct, NY County, May 28, 2025, Mella, S.). The court then heard argument on the motions for summary judgment on May 30, 2025, as scheduled.

Undisputed Facts

There are few relevant facts not in dispute in the record on these motions. They are as follows. On January 11, 2016, Decedent executed a New York Statutory Short Form Power of Attorney naming Klein her agent with gift giving authority limited to an annual total of $500. Thereafter, Klein acted as Decedent's agent under that instrument. Klein admits that she transferred funds from her personal bank account into Decedent's bank account "to cover [Decedent's] expenses." She also admits that she later transferred funds from Decedent's bank account into her personal account.

However, Klein disputes the contention that forms the basis for Petitioner's turnover claim, namely that there is a shortfall of approximately $172,000 between the amount Klein transferred into Decedent's bank account using her own funds and the amount she later transferred out of Decedent's bank account and into her personal bank account while acting as attorney-in-fact. According to Klein, she transferred funds from Decedent's bank account into her own bank account with the consent of Decedent "as reimbursements" for the funds she had expended on Decedent's behalf, which included not only the funds that she had advanced to Decedent to cover certain of her expenses, but also other expenses she had made for Decedent's benefit.

4

[* 4]

Discussion

Summary judgment is available only where no material issues of fact exist (*see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The party seeking summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*id.* at 324 [citations omitted]). A movant's "[f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [citations omitted]). However, once a movant's burden is satisfied, the party opposing summary judgment must come forward with proof in admissible form that establishes a genuine issue of material fact or must provide "an acceptable excuse for [the] failure to do so" (*Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

The court first addressed Klein's cross-motion for summary dismissal of the petition on statute of limitations grounds because there would be no need to consider the merits of Petitioner's motion for summary judgment if her claim would be time-barred. The court noted that, in breach of fiduciary duty claims, the "choice of the applicable Statute of Limitations depends on the substantive remedy [that] the [petitioner] seeks" (*Loengard v Santa Fe Indus., Inc.*, 70 NY2d 262, 266 [1987] [citations omitted]) and that courts consider the "gravamen [of a cause of action] and not the form in which it is pleaded" when determining which statute of limitations is applicable (*Wilson v Bristol-Myers Co.*, 61 AD2d 965, 965 [1st Dept 1978] [citations omitted]). If the relief sought is equitable in nature, the six-year period set forth in CPLR 213(1) applies (*see Kaufman v Cohen*, 307 AD2d 113, 118 [1st Dept 2003] [citations omitted]). However, if money damages are sought, as Klein contends here, the three-year period set forth in CPLR 214(4) applies (*id.*).

5

The court concluded that Klein failed to make a prima facie case that the three-year statute of limitations applies in the circumstances here, which compelled denial of the motion without regard to opposition papers (*see Winegrad*, 64 NY2d at 853). The court observed that Petitioner's allegations included that Klein breached her fiduciary duty "while acting as agent for Decedent under a Power of Attorney" by "wrongfully divert[ing]" from Decedent certain assets while "follow[ing] no structured or recognized form of directing assets" and that Klein had not "accounted for any of these assets despite numerous opportunities afforded her across various discovery requests." The court further observed that allegations of this nature are generally treated as seeking an equitable remedy, that is, an accounting, and then adjudicated within such an accounting proceeding by way of objections which request that the fiduciary be surcharged.

As an equitable remedy, a six-year limitations period applies to an accounting (*see* CPLR 213[1]; *Matter of Tydings v Greenfield, Stein & Senior LLP*, 11 NY3d 195, 201 [2008]). The limitations period does not begin to run until the fiduciary repudiates her fiduciary obligations or the fiduciary relationship has otherwise ended (*see e.g. Matter of Barabash*, 31 NY2d 76, 80-81 [1972]). The court found in this case that Klein's repudiation would have occurred when Decedent died on May 19, 2019, because that is when her authority as Decedent's agent terminated (*see Matter of Trombley*, 137 AD3d 1641, 1642 [4th Dept 2016]). Under these circumstances, the court concluded that the "gravamen" of the relief sought in the petition was equitable in nature and thus a six-year limitations period applies to Petitioner's turnover claim.

Additionally, the court noted that instead of a turnover proceeding, Petitioner, as Preliminary Executor, could have commenced a proceeding to compel Klein to file a judicial accounting for her activities as Decedent's attorney-in-fact in order to raise her breach of

6

fiduciary duty claims (*see e.g. Matter of Hiletzaris*, 105 AD3d 740, 741 [2d Dept 2013]).[3] Had Petitioner compelled an accounting in February of 2024 instead of commencing the instant turnover proceeding, any effort by Klein to assert a statute of limitations defense in that proceeding would have failed because the six-year limitations period for an accounting would have ended on May 19, 2025, more than a year later.[4] The court concluded that the result should be no different here simply because Petitioner did not compel a full-blown accounting but instead sought the same recovery in this turnover proceeding. The court found no basis to treat Petitioner's claims in the instant petition differently - and apply a different statute of limitations - merely because she commenced a turnover proceeding instead of a compulsory accounting. This result is consistent with other cases in which courts have held that a six-year statute of limitations applies to a breach of fiduciary duty claim in turnover proceedings (*see e.g. Matter of Priestley*, 59 Misc 3d 859 [Sur Ct, Westchester County 2018]; *Matter of Elmezzi*, 24 Misc 3d 1214[A], 2009 NY Slip Op 51449[U] [Sur Ct, Nassau County 2009]; *Matter of Francis*, 19 Misc 3d 536 [Sur Ct, Westchester County 2008]; *Matter of Sbuttoni*, NYLJ, Jan. 26, 2004, at 29, col 6 [Sur Ct, Westchester County]; *see also* Margaret Valentine Turano, Practice Commentaries, McKinney's Cons Law of NY, Book 58A, SCPA 2103, at 300).

Having denied Klein's cross-motion for summary dismissal of the petition on statute of limitations grounds, the court turned to Petitioner's motion seeking summary judgment on her

---

[3] Petitioner alleges that she made multiple requests that Klein provide an accounting, but Klein did not do so.

[4] That certain of the transactions at issue may have occurred more than six-years prior to the commencement of an accounting is irrelevant as an accounting fiduciary's defense of statute of limitations "does not run against the particular acts allegedly committed by the [fiduciary] . . . ., but against the [fiduciary's] obligation to account" (*Matter of Singer*, 30 AD3d 211, 211 [1st Dept 2006] [citation omitted]).

7

petition to recover funds Klein allegedly misappropriated while acting as Decedent's attorney-in-fact. The court denied this motion as well, finding that Petitioner's moving papers failed to establish, through evidentiary proof in admissible form, entitlement to judgment as a matter of law as required (*see Zuckerman*, 49 NY2d at 562). The court concluded that most of the documentary evidence Petitioner offered in support of her motion was not in admissible form. For example, the bank records that purportedly establish the bank transfers at issue could not be admitted under CPLR 4518 as business record exceptions to the hearsay rule. Although bank records can sometimes be self-authenticating, there must be a basis in the record for the court to consider them trustworthy and authentic (*see Elkaim v Elkaim*, 176 AD2d 116, 117 [1st Dept 1991] [citations omitted]). Here, the court found that the bank statements were incomplete because only excerpts of the statements were submitted and there was no basis in the record upon which to determine where and from whom the statements were obtained. Because Petitioner failed to make a prima facie case, the court was constrained to deny her motion for summary judgment without regard to the sufficiency of the opposition papers (*see Winegrad*, 64 NY2d at 853).

All discovery having been concluded and the court having denied Petitioner's motion and Klein's cross-motion for summary judgment, the court noted that the proceeding was ready to be placed on the court's trial calendar. However, after a discussion with the court, the parties agreed to mediate their dispute, and an Order of Reference to Appropriate Dispute Resolution (ADR) issued thereafter on June 16, 2025. If the mediation is unsuccessful, the court will direct a date for the filing of a Note of Issue and a pretrial conference.

This decision, together with the transcript of the May 30, 2025 proceedings, constitutes the order of the court.

[* 8]

The Clerk of the Court is directed to email a copy of this Decision and Order to counsel of record and the parties whose names and respective email addresses appear below.

Dated: September 15, 2025

_____
SURROGATE

To:

Philip T. Simpson, Esq. – psimpson@leechtishman.com

Lynne Boyarsky - lynneboyarsky@gmail.com

Karen Boyarsky, - kboyarsky@cox.net